## EDMUND ROBERTS *versus* SAMUEL WIGGIN.

A deed of bargain and sale by an infant is not void, but voidable. No person except the infant and his legal representatives can avoid such a contract. A deed, and a mortgage back of the same date to secure the consideration money, must be considered as one transaction; and if the latter be avoided on account of infancy, the former also becomes of no effect. What acts of an infant amount to an avoidance of his deed.

THIS was a writ of entry.

The defendant disclaimed as to part of the land, and pleaded the general issue as to the remainder. The issue was joined, and on trial here at the last term the following facts appeared in evidence:

On the 14th of November, 1814, the plaintiff, by deed of that date, conveyed the demanded premises to one *John B. M'Intire*, then a minor. At the same time, to secure the consideration money, said *M'Intire* executed to the plaintiff a mortgage of the land purchased. *M'Intire* became of age January 5, 1815, and on the 30th of the same month the defendant extended an execution in his own favour against the said *M'Intire*, on that part of the premises not disclaimed; and under the extent he entered, and still continues in possession claiming title.

By consent a verdict was taken for the plaintiff, subject to the opinion of the court upon the question, whether he was entitled to recover upon the preceding facts.

*Hale*, for the demandant.

*Crosby*, for the tenant.

WOODBURY, J. delivered the opinion of the court.

The parties in this case both claim under *John B. M'Intire*. But the mortgage deed of the demanded premises from him to the plaintiff was made previous to the defendant's

Roberts
*vs.*
Wiggin.

extent, and the plaintiff is therefore entitled to recover, unless the minority of *M'Intire*, at the time he executed said deed, can be interposed by the defendant to avoid it.

The mortgage not having been for necessaries is void or voidable. 1 *Powell Con.* 34.—1 *Newland Con.* 1. Courts, however, incline to construe infant's contracts voidable rather than void; because such construction oftener promotes public justice, and operates at the same time more beneficially to the minor himself, for whose sole advantage the privilege of avoiding a contract is conferred. *Bac. Ab., Leases, B.—3 Burr.* 1805, *Zouch* vs. *Parsons.*

As contracts which take effect by manual delivery convey usually an interest and not a mere power; such, when made by an infant, whether the interest pass to or from him, are in general not void but voidable. *Newl. C.* 11—*Perk., sec.* 12, 19. Conveyances of real estate, therefore, as they take effect by manual delivery, are only voidable. *Burr.* 1805—8.—1 *Woodes* 400—1.—*Bac.*, title " Void and Voidable," *C.*—11 *John.* 539.—13 *Mass. Rep.* 239.

The mortgage to the plaintiff, then, being not void but voidable, we apprehend that the infant alone, or his legal representatives, are permitted to avoid it. The reason of the rule extends only to them, because, as before observed, the privilege is conferred for his sole benefit. While living, he should be the exclusive judge of that benefit, and when dead those alone should interfere who legally represent him. Could his contracts be avoided by third persons, the principle would operate not for *his*, but for *their* benefit; not when he chose to avail himself of his privileges, but when strangers elected to do it. This would render the rule unreasonable, and mar the whole symmetry of the law upon the subject of infancy. The following authorities place the point beyond dispute. 8 *Coke* 43.—*Burr.* 1808.—2 *Chitty's Pl.* 233, *note.*—2 *John.* 279.—6 *do.* 257.—5 *do.* 160.—13 *Mass. Rep.* 240, 375.

The defendant then cannot, at his own pleasure and choice, avoid the mortgage of *John B. M'Intire* to the plain-

tiff, but some act of *M'Intire* himself must be shown, that annulled it.

In general, an infant to avoid his deed must reënter on the land and oust the occupant. Or, if already in possession, must perform some act explicitly evincing his intention to defeat the conveyance. Many acts might suffice for this purpose, as an express and formal notice to the other party ; or, if sued himself in ejectment, interposing minority as a defence against the deed ; or, making a subsequent grant of the same premises, and, when vouched, resorting to the same defence.

Where the land is all wild, a mere sale of it at a subsequent period may sufficiently indicate his intention, as in *Jackson* vs. *Carpenter*, 11 *John.* 539. But the evidence in this case affords nothing on which to found the least presumption that *M'Intire* has ever wished to avoid his mortgage to the plaintiff.

For aught that appears, the premises were in a state of cultivation, and the alienation of them to the defendant purely involuntary, being by the extent of an execution not made by *M'Intire's* direction. If any inference results from his occupation of the land after twenty-one years of age until said extent, without any notice to the plaintiff, or any act indicating a desire to avoid the mortgage, it is, that he continued, as he commenced his possession, a tenant at will to the plaintiff, and thus tacitly affirmed rather than annulled the mortgage(1.)

But whatever acts *M'Intire* might have performed with a view to disannul his deed to the plaintiff, it would require much consideration before we should decide that he could disannul it, without avoiding also at the same time the plaintiff's deed to him ; and in that event the title would remain in the plaintiff, and justify the verdict taken at the trial. An infant cannot ratify a lease to himself, and avoid a covenant in it to pay rent. *Bac. Ab., Leases, B.*

Roberts
*vs.*
Wiggin.

(1) *Bac. Ab., Leases, B.*—4 *Cruise* 142.—*Co. Lit.* 51.—2 *D. & E.* 436, *Doe* vs. *Smith.*

Nor can he hold lands conveyed to him in exchange, and avoid the transfer of those with which he parted. 4 *Cruise* 142.—*Co. Lit.* 51, 6.

If, also, a conveyance and immediate reconveyance of the same premises, to secure the consideration, be regarded in law as one transaction, like an absolute deed and a defeasance of the same date, (1 *John. C.* 91.—4 *Mass.* 566--9.—13 *do.* 55,) it would seem very difficult to avoid one and affirm the other. However this may be, we entertain no doubt on the other points. The plaintiff is entitled to judgment upon the verdict.

*Let it be entered accordingly.*