## AARON WRIGHT *vs.* RICHARD STEELE, *plaintiff in review.*

A negotiable note, executed by an infant, is not void so as to be incapable of ratification after the infant becomes of age.

A re-promise by an infant is valid, though not made till after the commencement of a suit against him.

What amounts to a re-promise and the meaning of the word void as applied to an infant's contracts.

The debts of an infant, when proved in the usual manner, are presumed to be " justly due ;" and, when he promised to pay " all justly due," if fraud or injustice existed, the proof of them devolves on him.

T*his* was an action of assumpsit.

The declaration contained two counts ; one, on a negotiable note to *G. G.*, or order, and by him endorsed to the plaintiff, and the other, on an account annexed.

The defendant pleaded infancy in bar, and the plaintiff replied a re-promise since the defendant became of age.

On this replication issue was joined, and, at the trial here, November term, 1818, the following facts appeared in evidence.

The signature and endorsement of the note were proved, and also the sale of the articles in the account annexed ; but no evidence was offered to show, that the consideration of either was property necessary for the defendant at the time it was furnished. The plaintiff, however, produced a letter, written to him by the defendant after he became of age, and after the commencement of this action ; in which he began with complaints concerning the cost, and want of due notice of the suit, and concluded with the remark, " all, that " is justly your due, shall be paid."

On this testimony, a verdict was, by consent, returned for the plaintiff, subject to the opinion of the court, on its competency to support the action.

*Olcott & Bell*, counsel for the plaintiff.

*Gilbert & J. Smith*, for the defendant.

W*oodbury*, J., *pro curia.*

In cases of this description, there seems to be no doubt, that after an infant becomes of age, a mere acknowledgment of a debt, previously incurred, is not sufficient to bar the plea of infancy. *Strange* 690.—*Bull. N. P.* 155.—*Cro. Eliz.* 126, 700.—2 *Es. Ca.* 628.—3 *East Ca.* 159.—5 *Es. Ca.* 102.—*Peak's Ev.* 260.

Wright
*vs.*
Steele.

There must be an actual new promise. Here the new promise was expressed by the words, " all, that is justly " your due, shall be paid ;" and, in our opinion, it was more express and absolute than many others which have been adjudged valid.

Thus, in 4 *Leon.* 4, *Anonymous,* an " infant made a lease " for years, rendering rent, and when he came to his full " age, he said to his lessee, " God give you joy of it." It " was holden by *Mead, J.* that thereby the lease was affirm- " ed and made good." *Vide etiam.*—10 *Mass. Rep.* 137.— 11 *Mass. Rep.* 147, *Jackson vs. Mayo et al.*—3 *Es. Ca.* 159, *Cole, Ex. vs. Saxby.*

The case of *Smith vs. Mayo et al.* (9 *Mass. Rep.* 64,) might be thought contradictory, did it not appear, on examination, that the expression, there relied on as a re-promise, was a mere direction in a will of a minor to pay his " just debts." But, in fact, no promise to pay them was there made ; and, if this direction could be considered in the nature of a promise, the promise was addressed to no particular creditor, nor with reference to any particular demand.

If that case then be good law, the expressions there used differ from those in the present action ; as they were here clothed in the form of a promise, were directed to the plain- tiff personally, and related to the specific demands now in suit.

The only qualification to this promise was, that the de- fendant would pay only what was " *justly* due." But, for aught which has yet appeared, the whole of these claims are *justly* due.

They were proved in the usual manner ; and neither, when writing about them, nor at the trial, did the defendant introduce any circumstance indicating their injustice.

The legal presumption as to claims thus proved is, that they are justly due ; and the mere fact of infancy at the time they originated, does not rebut this presumption.

Thus, though the civil law, from peculiar reasons, disabled infants to ratify any contracts,(1) and though general policy is among us unfavorable to any ratification, not made by their own election freely expressed, (9 *Mass. Rep.* 64, & 5

(1) Just. Insti. b. 4, t. 3, s. 7.

*Es. Ca.* 102)—yet, debts contracted in infancy, without imposition or deceit, are binding on the conscience, and are justly due. *Puffendorf b.* 3, *ch.* 6, *sec.* 5 *note.*—*Paley's Philos. b.* 3, *ch.* 4.—2 *D. & E.* 766, *Cockshott vs. Bennet.*—2 *Burr.* 1012, *Moses vs. M'Farland.*

In the language of *Ashurst, J.* the infant " is bound in equity " and conscience to discharge the debt ;" or, in the words of Lord *Mansfield*, the debt is " payable in point of honor " and honesty." And if imposition or deceit are suspected or averred by the infant, we see no reason to deviate from the general rule, that " the affirmer is to prove his affirma- " tion." *Mirror of Justice* 167.—1 *Phillips Ev.* 150.—1 *Insti.* 232, b.—10 *East* 216.

" *Nullum iniquium est in jure presumendum.*"

The legal presumption, that the claims are just and also due, after the usual evidence in support of them, is sufficient, till rebutted by other evidence of injustice or of payment.

The next objection is, that the new promise was not made till after the commencement of the present action.

But the writ is not founded on the new promise. Nothing is set out in the declaration except the original cause of action. The infancy is a mere defence, which may be abandoned ; or, in assumpsit, may be given in evidence, either under the general issue, or a special plea. If given in evidence, the new promise is proved as a virtual waiver of the defence ; and as the statute of frauds, the statute of limitations, and other statutes, whose provisions are beneficial to one party, may be waived even as late as the trial, we see no reason why the privilege of infancy may not be waived, and the waiver proved in the same manner.

When we speak of a waiver, in these cases, we mean an actual waiver ; as a parol contract reduced to writing, a debt barred by the statute of limitations, recognized as still due, or a debt incurred in infancy expressly agreed to be paid ; and not a mere executory agreement to waive a privilege, which, as an agreement, cannot be executed specifically, and which may or may not amount to an actual waiver, according to its phraseology.

On a recurrence to the forms of pleading, it is true, that where infancy is specially pleaded, the new promise is in the replication alleged to have been made before the commencement of the action. 2 *Chitt. Pl.* " *Infancy.*"—3 *Wentworth Pl.* " *Infancy.*"

But the forms are the same where the statute of limitations is pleaded, and a new promise replied ; and yet, it seems well settled, that evidence of a new promise, after the commencement of the action, takes it out of the statute of limitations. 2 *Burr.* 1098, *Yea vs. Fouraker.*—6 *Mod.* 310, *Dean vs. Crane.*—4 *East* 599, *Bryan vs. Horseman.*—2 *D. & E.* 760, *Lloyd vs. Maud.*

The allegation, therefore, as to the time of the new promise, like the time mentioned in many other pleas, need not be proved with strictness.

A further objection is, that a negotiable note, executed by an infant, is a void contract, and, therefore, incapable of being ratified by a new promise, made at any period. It is true, that authorities exist, where the negotiable notes of infants have been held to be void. *Pow. Con.* 34.—1 *Fontblanque,* 73.—9 *Mass. Rep.* 101.—10 *John. Rep.* 33, *Swazey vs. Adtor. of Vanderheyden.*—1 *Camp. N. P.* 553, *Williamson vs. Watts.*

On the contrary, others appear to hold them valid, or only voidable. *Carthew* 160, *Williams vs. Harrison.*—*Co. Litt.* 172, *a.*—14 *Mass. Rep.* 457, *Whitney vs. Dutch.*—4 *Es. Ca.* 188, *Taylor vs. Croker, semb.*

In *Trueman vs. Hurst,* (1 *D. & E.* 40) an account stated by an infant was set out in the declaration and pronounced void, but nothing said as to a negotiable note, which was also set out.

The objection on principle to their validity seems to be, that, when negotiated before due, their original consideration cannot be investigated ; and hence the infant may be made to pay for what was not necessaries.

But this reason applies to such notes, only when negotiated before due ; because, in all other cases, their consideration may be examined ; and in those cases only, as an ex-

ception to the general rule, like cases of fraud, duress, usury, &c. the consideration might either be held examinable, or, for the speedy protection of infants, the note itself be adjudged void.

The case of penal bonds by an infant rests on distinct principles ; for their consideration cannot be examined, though not assigned ; and being with penalties, they also expose the infant to additional losses. For these two reasons, they are on their face prejudicial to his rights ; and, unless an infant's contracts are thus prejudicial, we are inclined to think it the better opinion, that they are never absolutely void, but only voidable. 2 *Hen. Bl.* 511.—14 *East* 541.— *Lawes on Ass.* 573.—*Strange* 939.—2 *Maul & Selw.* 208, *Warwick vs. Bruce.*—1 *Mason's Rep.* 82.—3 *Maul & Selw.* 477.—2 *D. & E.* 161, *Maddon vs. White.*—5 *Bro. P. C.* 570, *Drury vs. Drury.*

There is much confusion in the books on the subject of void and voidable contracts. 4 *D. & E.* 600.—2 *Maul & Selw.* 206.—14 *East* 210.

Most of those called void are only voidable ; and consequently binding, unless impeached by special pleading.* 2 *Leon.* 218.—*Salk.* 674.—*Viner Ab.* " *Void*," *A. pl.* 11.

Many others, too, are void as to some purposes, but valid as to others.(1) And, in the present case, we intend to decide no more than this, that whether negotiable notes be or be not void when the maker was an infant, the notes negotiated, and no attempt has been made to ratify them ; yet, that they always in one respect possess some validity, inasmuch as they are capable of a ratification by a new promise. In that respect they are not a contract on their face prejudicial to an infant's rights. For in the case of a new promise, the original consideration becomes immaterial ; and, though it were not necessaries, the contract, after the new promise, should be no less binding. The new promise is made by the infant after of age, in the exercise of an adult discretion, and when he could *de novo* make such a contract as that which he attempts to ratify.

(1) Burr. Set. Cases 91.

* 13 John. Rep. 528.

It would seem reasonable, therefore, to consider such a contract as not absolutely void to every purpose. It is not thus treated by the parties. It is not necessary thus to treat it for the protection of infants. It is doubtful on authority, whether any technical principle requires it to be so treated; and we can see nothing, which would be promoted by such a course, except fraud and injustice.

*Judgment on the verdict.*