## GRAFTON, NOVEMBER TERM, 1825.

### FREDERICK ORVIS *vs.* JOHN KIMBALL.

Where one, who had made a note when an infant, declared, after he arrived at the age of twenty-one years. his intention to pay it, and authorized an agent to take it up on his account ; this was held to be a confirmation of the contract, which made it binding ; although the agent had done nothing.

ASSUMPSIT upon a note made by the defendant, and one *Amos Kimball*, dated October 15, 1814, for $100, payable to *James George*, or order, in nine years, and by *George* endorsed. The defendant pleaded infancy ; to which the plaintiff replied a promise made by the defendant after he arrived at the age of twenty-one years ; in which, issue was joined. The cause was tried here, at November term, 1824, when it appeared, in evidence, that the defendant, after he arrived at the age of twenty-one years, had declared his intention to pay the note ; but it did not appear, that this declaration was made in presence of the plaintiff, or his agent ; and it farther appeared, that, when of age, the defendant had employed an agent to find and pay the note ; but it did not appear, that the agent had done any thing upon the subject.

And a verdict was taken for the plaintiff, by consent, subject to the opinion of the court upon the sufficiency of the evidence to maintain the issue on the part of the plaintiff.

*Selden*, for the plaintiff.

*Quincy*, for the defendant.

*By the court.* It is well settled, that an individual may ratify and confirm, when of age, a contract made by him when an infant ; and the contract, when thus ratified and confirmed, will be binding upon him. 2 *N. H. Rep.* 51, *Wright vs. Steele.*—1 *D. & E.* 648.

In some cases, the contract of an infant may be confirmed and made valid, when he arrives at the age of twenty-one years, by his mere acts. 1 *N. H. Rep.* 73, *Roberts vs. Wiggin.*—4 *Esp. N. P. C.* 187, *Taylor vs. Crocker. Cro. James,* 320, *Kelsey's case.*—*Com. Dig.* " *Infant*" c. 6.—3 *Burr.* 1717. *Bul. N. P.* 154.

In other cases, such a contract may be made valid by an express promise, voluntarily made to the party himself, with whom the contract was made, or his agent. 5 *Esp. N. P. C.* 102, *Harmer vs. Killing.* 2 *Esp. N. P. C.* 628. —14 *Mass. Rep.* 457.—1 *Pickering* 221 & 202.—9 *Mass. Rep.* 62.—10 *ditto* 137.—11 *ditto* 147.

In chancery, where a testator devised his personal estate for the payment of his debts, particularly those to which he had set his hand ; it was decreed, that a bond debt, contracted while he was an infant, should be paid. *Abr. Eq. Ca.* 282.

And although we are of opinion, that the mere declaration of an intention to pay, made by an adult, is not sufficient to bind him to pay a note, made when he was an infant, still we think, that when, as in this case, he employs an agent to find the note, and authorizes that agent to pay it, after he arrives at the age of twenty-one years, these acts amount to such a confirmation of the contract, as ought to bind him. There is great propriety in holding, that he shall not be bound by loose declarations of intentions, but when, after arriving at years of discretion, he deliberately adopts the contract, and gives evidence of this, not only by his declaration, but by his acts, we think, he ought to be bound. There must, therefore, be, in this case,

*Judgment on the verdict.*