## SAMUEL H. WENTWORTH *versus* SPENCER WENTWORTH.

A, being indebted to B, the latter agreed to receive, and did receive, the note of a third person, who was an infant, in satisfaction of the debt—it was held, that the note received being of no value, the agreement to receive it in satisfaction was without consideration and void.

ASSUMPSIT for work and labor. The cause was tried here, at May term, 1830, upon the general issue, when it appeared in evidence, that the defendant, being indebted to the plaintiff in the sum of $100, for work and labor, requested the plaintiff to take the note of a son of the defendant, for the said sum of $100, the son being then a minor, under the age of twenty-one years. This the plaintiff at first refused to do on account of the infancy of the son, but he at length took two notes of the son, one for the sum of $60, and another for the sum of $40, payable to himself, or order, and discharged his claim against the defendant. To a suit on one of the said notes the son set up his infancy as a defence, and prevailed.

The court instructed the jury that the notes of the mi- <span>Wentworth.</span>
nor were void, and no satisfaction of the plaintiff's claim ; <span>*v.*</span> <span>Wentworth.</span>
and the jury having returned a verdict in favor of the
plaintiff, the defendant moved for a new trial.

*J. Eastman*, for the plaintiff.

This action may well be maintained, unless the receipt
of the minor's notes operates as an extinguishment of his
claim upon the defendant.    To prove that those notes
were not an extinguishment of this claim, we rely upon
*Wright* v. *The Crockery Ware Company*, 1 N. H. Rep. 281,
and *McCrillis* v. *How*, 3 N. H. Rep. 348, and 9 Mass.
Rep. 101.

*Boardman*, for the defendant.

*By the court.*    The negotiable note of an infant fur-
nishes no ground of action, and is in fact of no value.
3 N. H. Rep. 348.

The agreement of the plaintiff to discharge this claim
upon the defendant, which was then due, was in fact
without any consideration.    And as the discharge does
not appear to have been under seal, it is without any
legal effect.    2 Starkie's Ev. 127 ; 13 Johns. 87, *Crawford*
v. *Millspough ;* 1 N. H. Rep. 281 ; 4 ditto, 492.

*Judgment on the verdict.*