## S. P. MERRIAM et a. *versus* RUFUS WILKINS and ERASTUS WILKINS.

A new promise made by an infant after coming of age, and after the commencement of the action, will not support the action.

ASSUMPSIT for goods sold and delivered. The cause was tried in the common pleas, at September term, 1833, and a verdict taken for the plaintiffs, subject to the opinion of this court, on the following case.

The goods mentioned in the declaration were sold, and delivered to the defendants by the plaintiffs, but at the time of the sale Erastus Wilkins was an infant, under the age of twenty-one years. But to obviate the objection of his infancy the plaintiffs proved, that, after the commencement of this action, and after Erastus arrived at the age of twenty-one years, he declared that he would not take advantage of his infancy in the action.

*Hutchins*, for the plaintiffs.

*Bartlett* and *Peaslee*, for the defendants.

RICHARDSON, C. J. delivered the opinion of the court.

We are of opinion that this action cannot be sustained against Erastus Wilkins. In *Wright* v. *Steele*, 2 N. H.

Rep. 51, it was decided, that a promise made after the commencement of the action, and after the minor arrived at the age of twenty-one years, might be considered as a waiver of the defence of infancy so that the contract might be considered as valid from the beginning. But this view is sustained by no other authority, and cannot be reconciled with what must now be considered as settled principles of law on this subject.

It was supposed in that case that there was a close analogy between the case of a debt taken out of the statute of limitations by a new promise, and a contract of an infant ratified by a promise made after he comes of age ; and that this analogy was close enough to sustain that decision. But there is, in truth, no analogy between the two cases. In the case of the statute of limitations the new promise does not create a new cause of action, but shields an old one from the operation of the statute.

But in the case of infancy there is no cause of action until the contract is ratified after the infant arrives at an age when the law allows him to bind himself by a contract. 2 B. & C. 824, *Thornton* v. *Illingworth* ; 1 Pickering, 202, *Ford* v. *Phillips*.

The contract of an infant to pay for goods, sold and delivered to him, is, unless the goods are necessaries, no foundation for an action. The delivery of the goods may be a moral consideration which will sustain a promise to pay for them, made after he comes of age. But such promise cannot relate back, upon any principle with which we are acquainted, so as make the original contract a good foundation for an action from the beginning. There is no legal cause of action until the contract is ratified.

In this case the plaintiffs may enter a *nolle prosequi* as to the infant, and take judgment on the verdict against the other defendant.