## CONN *vs.* COBURN.

IF an infant purchase necessaries, and give a promissory note, signed by himself and a surety, and the surety afterwards pays the note, he is entitled to recover the amount so paid of the infant.

And the cause of action arises when the surety pays the note.

ASSUMPSIT for money paid.

The defendant pleaded infancy, and the statute of limitations. To the first, the plaintiff replied that the money was paid for necessaries ; upon which issue was joined : to the second a promise within six years.

The writ was dated September 10, 1832.

The plaintiff proved, that the defendant, on the thirtieth day of April, 1825, wished to purchase of Daniel Greenleaf, cloth for a coat, but Greenleaf not knowing the defendant refused to trust him ; that the defendant, having conversed a short time with the plaintiff, purchased the cloth, and gave a negotiable note for the amount of the price, on demand, signed by the plaintiff as surety ; and that the defendant, at the time of giving the note, agreed to pay it in two months from the date. On the twenty-third of August, 1828, the plaintiff, being called on by Greenleaf, paid the note ;—and it did not appear that the defendant in any way recognized the debt after signing the note. On this evidence the defendant's counsel contended, that the plaintiff was not entitled to recover, because the note was an extinguishment of the original debt, as against the defendant, and so far as he was concerned a payment for the cloth at the time it was purchased ;—that a right of action then accrued to the plaintiff against the defendant ;—and that the action was therefore barred by the statute of limitations. But the court instructed the jury that the plaintiff's right of action accrued when he paid the note.

The defendant's counsel farther contended, that if the

plaintiff had paid the money in the purchase of the cloth for the defendant, he could not recover the money so paid. But the court directed the jury, that if the plaintiff paid the money for the purchase of necessaries for the defendant, the plaintiff was entitled to recover.

The jury having found a verdict for the plaintiff on both issues, the defendant moved for a new trial.

*Farley*, for the defendant. 1. The note given by Conn and Coburn to Greenleaf, being negotiable, was void as to Coburn, on the ground that the negotiable note of an infant is absolutely void.

It was held in *Swasey* vs. *The Adm'r of Vanderheyden*, 10 *Johns.* 33, that the negotiable note of an infant, even for necessaries, is absolutely void. *See also*, 1 *Fonblanque on Equity*, 73; *Chitty on Contracts*, 33; 3 *N. H. Rep.* 348, *McCrillis* vs. *How, and cases cited;* 5 *N. H. Rep.* 410, *Wentworth* vs. *Wentworth*.

In *Williamson* vs. *Watts*, 1 *Campbell*, 552, which was assumpsit on a bill of exchange—plea infancy—replication necessaries, and issue thereupon—Sir J. Mansfield said, "This action certainly cannot be maintained. The replication is nonsense, and ought to have been demurred to." Setting aside the authority of these cases, on general principles, the negotiable note of an infant is absolutely void. No principle is better established, than that no contract of an infant, except for necessaries, can be enforced against him. And it was held in *Cases in Law and Equity*, 185, "that a contract of an infant, even for necessaries, *quatenus* a contract, is not binding ; that, should he agree to give an unreasonable price for them, it cannot be recovered ; but since an infant must live, the law allows a reasonable price to those who supply him with necessaries. He cannot bind himself in a sum certain."

Should the law allow an infant to make a negotiable note, one of two consequences must follow,—either the principle

which has always been held sacred, that the maker of a negotiable note cannot resist payment of it in the hands of an endorsee, who has paid a valuable consideration for it before due, and without notice, must be violated, or an infant must be compelled to pay a negotiable note given for articles not necessaries, without consideration, or under a mistake, &c. This would take away from the infant the shield which the law allows him to protect himself against his improvident contracts, and expose him to the grossest impositions.

The position receives support from the fact, that the law does not allow an infant to state an account. 1 *T. R.* 40; 2 *Stark. Rep.* 33; *Co. Litt.* 172. One reason, viz. that the infant would be precluded from disputing the original debt, or that the items were for necessaries, applies with equal force to a negotiable note in the hands of an endorsee.

Besides, the criterion, that if an infant's contract shows on its face that it may be to his disadvantage, it is void, if not, voidable, 3 *Burr*, 1805; 5 *B. & A.*, 1 59, applies; for it can never be for his advantage to preclude himself from avoiding a debt on the ground of a want of consideration, &c. It will be perceived that the reason of the rule applies only to negotiable notes. Notes not negotiable have been held voidable merely. Upon this distinction the cases may be reconciled.

2. The note though void as to Coburn was valid as to Conn, and being negotiable, was a payment by Conn of the debt due Greenleaf for the goods.

It appears that Conn's name was upon the note at the time it was first delivered. Of consequence his liability was original, not collateral. The insertion of the character in which he promised was for his own sake, to give him his remedy against Coburn, 6 *Mass. Rep.* 519; 5 *Mass.* 358. The note, if written in the usual way, (and it is to be presumed it was,) was the joint and several note of each. And the fact that it was void as to Coburn does not render it void as to Conn, for infancy is a personal privilege.

A negotiable note is payment of a simple contract debt. 4 *Pick.* 228 ; 5 *Mass.* 299 ; 6 *Mass.* 143 ; 7 *Mass.* 41 ; 11 *Mass.* 361 ; 4 *Pick.* 444 ; 5 *T. R.* 513 ; 8 *Johns.* 206 ; 2 *Esp.* 571.

Assumpsit, for money paid, may be supported by a surety who has by his individual note discharged the debt of his principal. 3 *N. H. Rep.* 366 ; 4 *Pick.* 444 ; 3 *Esp.* 571. But this cannot be, unless the negotiable note is equivalent to cash.

If the doctrine of the above cases is good law, it must follow that the note given by Conn was a payment of the goods to Greenleaf—Conn alone being liable thereon his right of action accrued immediately—and that being more than six years before the commencement of this action, it is barred by the statute of limitations.

*C. G. Atherton*, for the plaintiff. An action for money lent, lies for money laid out for necessaries. *Sak.* 387, *Earle* vs. *Peale* ; 1 *Ld. Raym.* 314 ; *Cro. Jac.* 560 ; 10 *Petersdorff*, 407.

The contracts of minors are held void or voidable, so as to answer the ends of justice. 2 *D. & E.* 766, *Cockshott* vs. *Bennett* ; 1 *Sel. N. P.* 132 ; 13 *Mass.* 237, *Oliver* vs. *Houdlett* ; 15 *Mass.* 220, *Boston Bank* vs. *Chamberlin* ; *Ditto*, 272, *Nightingale* vs. *Withington* ; 14 *Mass.* 457, *Whitney* vs. *Dutch* ; 1 *N. H. Rep.* 74, *Roberts* vs. *Wiggin* ; 3 *N. H. Rep.* 314, *Orvis* vs. *Kimball.*

The note itself, in order to have constituted a payment, so as to sustain an action for money paid, must have been received as a payment.

Coburn could not have supposed, at the time the note was given, that he was immediately liable to Conn. If of age, he would not have been liable immediately upon signing the note ; and if infancy is a personal privilege, it ought not to subject him to greater liabilities.

PARKER, J.    The verdict has established the fact that the subject matter of the purchase was necessaries.    If the plaintiff, at the defendant's request, paid the money for necessaries, which the defendant could not otherwise procure, that money takes the character of necessaries.

"Money advanced to an infant, to procure him liberation 'from an arrest which was for necessaries, or where he was 'in execution, may be recovered in assumpsit ; but to enti-'tle the plaintiff to recover he must show the real transac-'tion, and that the money was advanced under such circum-'stances."    5 *Esp. Rep.* 28, *Clark* vs. *Leslie.*

In 3 *Wendell's Rep.* 379, *Goodsell* vs. *Myers,* the plaintiff declared as endorsee of a negotiable note, and the court held that the note of an infant was voidable, not void.

This seems to be the better opinion.    7 *Cowen* 22, *Willard* vs. *Stone ;* 13 *Mass.* 239 ; 2 *D. & E.* 766, *Cockshott* vs. *Bennett ;* 1 *N. H. Rep.* 74 ; 3 *N. H. Rep.* 314.    Such note may be affirmed after he comes of age ; and without such affirmation a suit may then be sustained upon it, unless the defendant elects to put in a plea of infancy in bar.

The authorities cited by the defendant's counsel, show conclusively that no action can be maintained upon such note, if the promissor refuses to pay and relies upon his infancy ; but this is a personal defence, which he may or may not interpose.    It is incorrect, therefore, to regard such note as entirely void, although it furnishes no cause of action against the maker if he relies upon his infancy ; and, if he insists upon that defence, a suit cannot be sustained by reason of a new promise made after the action was commenced.    6 *N. H. Rep.* 432, *Merriam* vs. *Wilkins.*

There is no reasonable ground of distinction, in this respect, between a negotiable note and one which is not so, as there is no insuperable objection to holding that the former may be avoided in the hands of an endorsee.

It is very clear that this note cannot be regarded as an extinguishment of the debt of Coburn, so as to make him im-

mediately liable to the plaintiff, upon the giving of the note. The debt arose by the purchase and execution of the note. That was the contract, that he should have the goods on giving the note.

The giving of a note, by an infant, for a debt due for necessaries, does not cancel that debt, unless the note be paid, 3 *N. H. Rep.* 348; and the giving of such note, with a surety, certainly does not furnish evidence that the creditor intended to discharge the infant from all responsibility on account of the demand due him by reason of the articles furnished.

If the infant is not liable on the note, as he would not be if he elected to avoid such liability, an assumpsit upon the delivery of the goods must be considered as subsisting against him, and the note of the surety be regarded as a collateral security for the payment.

In this case, nothing was paid at the time by the plaintiff. He only became surety for the payment. That was the contract as agreed to by all the parties. Had the plaintiff given his sole note, the case might have been different. He would then have assumed the whole liability, by the terms of the agreement, and the goods have been delivered entirely upon his credit. The defendant would have had no farther concern with it, and no right to interfere.

But that was not the case here. The defendant had the right to pay and take up the note given by himself and the plaintiff, and he had this right only because he was in fact a debtor. He most unquestionably had a right to pay a note upon which he was a promissor. Suppose he had paid, whose debt would he have discharged? If the plaintiff's debt, then he must have had a claim against the plaintiff. But no such claim could have arisen upon such payment. If he had paid, then, he would have discharged his own debt. But how could this be, if his debt had been paid by the giving of the note itself? Had the defendant paid the note, no right of action would ever have accrued to the plaintiff

against him.     Under such circumstances, there is no ground for the position, that the giving of the note was of itself a payment of the defendant's debt, so that a cause of action arose immediately to the plaintiff upon its execution ; and the jury were correctly instructed, that the cause of action arose when the defendant paid the money.    7 *Green. Rep.* 348, *Clark* vs. *Foxcroft.*

*Judgment for the plaintiff.*