## HALE *vs.* GERRISH.

Where infancy is pleaded, a new promise, made after the suit is commenced, is
not sufficient to sustain a pending action.

To sustain an action against a person of full age, on a promise made by him
when an infant, there must be an express ratification, either by a new prom-
ise to pay, or by positive acts of the individual, after he has been of age a
reasonable time, in favor of his contract, which are of a character to consti-
tute as perfect evidence of a ratification as an express and unequivocal pro-
mise.

When the defendant, after he became of age, admitted that he owed the debt,
and said, that " the plaintiff would get his pay," but refused to give a note,
lest he might be arrested, *held*, that such declaration was no ratification of
the original promise.

ASSUMPSIT upon an account annexed to the plaintiff's
writ. Plea—infancy. Replication, that the defendant, af-
ter he became of full age, assented to, ratified and confirm-
ed the several promises mentioned in the declaration, with
a traverse and issue on this fact.

The case was submitted to the court on the evidence
contained in the depositions of Enoch H. Nutter and John
Brewster ; and it was agreed that if the said depositions
furnished evidence competent to be submitted to a jury, and
sufficient in law to justify them in returning a verdict for
the plaintiff, judgment was to be rendered for the plaintiff
for the amount of his demand ; otherwise for the defendant.

The said Nutter testified that he bailed the defendant on
the plaintiff's writ, and that since that time he had heard
the defendant say that he owed the debt to the plaintiff, and
was willing to pay him as much as he paid his other credit-
ors, if the plaintiff would settle with him, and do what was
right ; at the same time he said he was a minor when the
debt was contracted. He also said he would pay the plain-
tiff fifty per cent. of the debt, if he would pay the cost,
rather than have the action go to court.

Said Brewster testified that for several years he had been employed as a clerk in the store of the plaintiff, in Dover ; that on the 11th day of June, 1834, the defendant was passing the store, and was called in for the purpose of settling an account which the plaintiff had against him. The plaintiff directed the witness to make out the account, which he did. The plaintiff then requested the defendant to give his note for the amount of the account, but he refused. The plaintiff then asked him why he would not, and the defendant answered, because it would render him liable to be arrested.

The plaintiff asked the defendant if he owed the debt ? He replied, " Yes, I owe the debt, and you will get your pay ; and I suppose that is all you want." The plaintiff said, Yes ; but I want the account settled, as it is upon an old book. The defendant said he should not give a note on any consideration. He farther said that he had made arrangements to pay all his small debts ; and should do it before he went to New-York.

*Bartlett*, for the plaintiff.

*Rowe*, for the defendant.

Upham, J. It has been settled, in the case of *Merriam* vs. *Wilkins*, 6 *N. H. Rep.* 432, that where infancy is pleaded, a new promise, made after the commencement of a suit, is not sufficient to sustain a pending action.

There must be a subsisting right of action at the time of suing out the plaintiff's writ, which right of action no subsequent promise can give. The testimony, therefore, of Enoch H. Nutter is insufficient to show a new promise that can avail the plaintiff in this suit. The declarations to Nutter were all subsequent to the commencement of this action and to the arrest of the defendant, for whom Nutter became bail. 2 *Esp.* 628, *Thrupp* vs. *Fueldes* ; 1 *Pick.*

203, *Ford* vs. *Phillips ;* 2 *B. & C.* 824, *Thornton* vs. *Il-lingworth.*

The whole case, then, rests upon the testimony of John Brewster, the remaining witness. He testifies that the plaintiff called the defendant into his store, and asked him to give his note for the amount of the account,—which the defendant refused to do, saying it would render him liable to be arrested. The plaintiff asked the defendant "if he did not owe the debt?" The defendant replied "that he did, and that the plaintiff would get his pay ;" and added, "I suppose this is all you want." He farther said, that he had made arrangements to pay all his small debts before he went to New-York.

The rule in this case is different from that where the statute of limitations is pleaded. An acknowledgement of a subsisting debt, where a claim has been barred by the statute of limitations, furnishes evidence, unless explained or qualified, from which a new promise may be implied ; but the promise of an infant cannot be revived so as to sustain an action, unless there be an express confirmation or ratification, after he comes of age. This ratification must either be a direct promise, as by saying, "I ratify and confirm," or, "I agree to pay the debt," or by positive acts of the infant after he has been of age a reasonable time, in favor of his contract, which are of a character to constitute as perfect evidence of a ratification, as an express and unequivocal promise. 4 *Pick.* 48, *Thompson* vs. *Lay ;* 8 *Green.* 405, *Lawson* vs. *Lovejoy ;* 1 *Pick.* 202, *Ford* vs. *Phillips ;* 9 *Mass.* 62, *Smith* vs. *Mayo ;* 1 *N. H. R.* 73, *Roberts* vs. *Wiggin ;* 14 *Mass.* 457, *Whitney* vs. *Dutch ;* 3 *Wend.* 479, *Goodsell* vs. *Myers ;* 1 *Green.* 11, *Hubbard* vs. *Cummings ;* 6 *Green.* 89, *Dana* vs. *Coombs ;* 2 *Esp.* 628, *Thrupp* vs. *Fueldes ; do.* 482, *Hitchcock* vs. *Tyson.*

In 1 *Pick.* 202, the declaration of the defendant after he had become of age, was "that he owed the plaintiff, but was unable to pay him ; he would endeavor, however, to

get his brother to be bound with him." It was holden,
that this did not amount to a renewal of the promise. The declaration, in this case, that the defendant "owed the debt, and that the plaintiff would get his pay," seems to go no farther.

Were this the whole declaration, it probably would not constitute such a ratification of the original contract as to bind the defendant; but this declaration was at the time accompanied by an avowed design on his part to make no promise or acknowledgement that would render him liable to be arrested, or that would enable the plaintiff to enforce the claim. Such being the case, it seems perfectly clear that there was no such ratification or new promise as would render the defendant liable.

<i>Judgment for the defendant.</i>