## ALDRICH vs. GRIMES.

The promissory note of an infant furnishes no foundation for an action until it is ratified; but it is not absolutely void, so as to be incapable of ratification without a new consideration.

An infant may ratify his contracts after he is of age, as well by his acts as by an express promise.

Where an infant purchased a potash kettle, irons, leaches, &c., and gave his promissory note, it being agreed by the parties that he might try the kettle, and return it if it did not answer; and the vendor, after the infant became of age, requested him to return it, if he did not intend to keep it; but he retained and used it, with the other property, a month or two afterwards—*Held*, that this was a sufficient ratification of the contract, and that an action might be sustained on the note.

ASSUMPSIT on a promissory note.

Plea, the general issue, and a brief statement, setting forth that the defendant, at the time of making the note, was an infant.

The signature of the note was admitted; and it appeared that the defendant, at the time of making the note, was a minor.

The plaintiff relied upon a ratification, by the defendant, after he was of full age; and introduced testimony tending to show that this note and another were given for a potash kettle, irons, leaches, &c.—that at the time of the sale the plaintiff informed the defendant that the kettle was cracked, or had a flaw in it, and that he might try it, and if it did not answer he might return it—that after the defendant was of age he sent a message to him that he wished him to return the kettle if he did not intend to keep it—and that the defendant answered he could not return it then, and did not know as he should; he did not know but he should keep it; he would be over in a day or two, and should see the plaintiff. There was evidence that the defendant used the kettle for several months afterwards, and sold it, after the commencement of this suit. There was evidence tending to show that the defendant, two or three months after the demand, offered to return the kettle, and the plaintiff declined to receive it.

The defendant requested the court to charge the jury, 1. That retaining the kettle after the defendant's majority, and after the request from the plaintiff to return it, was not an affirmance of the contract. 2. That if the defendant, after the request, offered to return the kettle, it was sufficient to avoid the note. 3. That the negotiable note of an infant is void, and therefore no affirmance would render it a valid contract without a new consideration.

But the court charged the jury that if there was a conditional contract, at the time of the purchase of the kettle, for a return of it, if the defendant did not choose to keep it, and the defendant was called upon to return it after he was twenty-one years of age, and while he had it in his possession, and he declined to return it for an unreasonable time, before the suit was brought, it would constitute an affirmance of the contract.

The jury returned a verdict for the plaintiff, and the de-defendant excepted to the instructions.

*Young*, for the defendant, contended, that the negotiable note of an infant, unless for necessaries, is void. 7 *N. H. Rep.* 368, *Conn* vs. *Coburn;* 1 *N. H. Rep* 73; *Chitty on Con.* 30, *note* 1 ; 1 *Story's Eq.* 246 ; 1 *Fonblanque's Eq. B.* 1, *c.* 2, § 4, *and note* (2 ;) 10 *Johns. R.* 33 ; 3 *N. H. Rep.* 348 ; 5 *N. H. Rep.* 411 ; 6 *N. H. Rep.* 432.—That if void, no affirmance after his majority would render it valid, without a new consideration. 1 *Fonblanque's Eq. B.* 1, *ch.* 2, § 4, *and note,* (6 ;) *Roscoe's Ev.* 246.—That if voidable only, there must be an express promise, or some express act of affirmance. *Chitty on Contracts* 35.—That a new promise to pay part will affirm only to the extent of the promise. *Roscoe's Ev.* 246; 2 *Stark. Ev.* 406, *and notes.*—That if the affirmance is by some act, it must be a positive act ; mere retaining possession of the consideration being insufficient. 9 *Conn. R.* 336, *Burbain* vs. *Bishop.*—That the sale of the kettle could not sustain the action, because it was after this suit

was brought. 6 *N. H. Rep.* 433.—And that an affirmance by retaining the kettle, was, at most, but an affirmance in part, the amount of which was uncertain, and could not entitle the plaintiff to maintain an action on the note. *Bayley on Bills* 531, *and notes ; Com. on Con.* 26, *cites Cro. Eliz.* 848 ; 1 *Salk.* 65 ; 1 *Story's Eq.* 452.

*H. A. Fletcher,* for the plaintiff, cited 7 *N. H. Rep.* 372 ; 8 *Green.* 405 ; 1 *N. H. Rep.* 74 ; 3 *N. H. Rep.* 314 ; 13 *Mass. R.* 239 ; 7 *Cowen's R.* 22 ; 2 *D. & E.* 766 ; 3 *Vermont R.* 353 ; 14 *Mass. R.* 463 ; *Chitty on Con.* 152 ; 1 *Green. R.* 11 ; *Com. Dig., Enfant, C,* 6 ; 8 *Taunt.* 35 ; 2 *Vermont R.* 225 ; 3 *Vermont R.* 359.

PARKER, C. J. It is well settled that an infant may ratify contracts, made during his minority, after he becomes of age ; and this as well by his acts as by an express promise. 1 *N. H. Rep.* 75, *Roberts* vs. *Wiggin ;* 3 *N. H. Rep.* 315, *Orvis* vs. *Kimball ;* 9 *N. H. Rep.* 436, *Hoit* vs. *Underhill.* Thus if an infant continues in possession, after his full age, of lands demised to him during his minority, he affirms the lease. *Com. Dig., Enfant, C,* 6. So where he continues in possession of land conveyed to him, or sells it, he affirms the contract. So where an infant took the note of a third person in payment for work done, and retained it for eight months after he came of age, and then offered to return it, and demanded payment for his work, it was held, in an action for work and labor performed by him, that the retaining of the note for such a length of time was a ratification of the contract made during infancy—especially where, in the mean time, the maker of the note had become insolvent. 11 *Wend.* 85, *Delano* vs. *Blake.* And he may thus ratify and affirm a negotiable note, made by him during his infancy. 2 *N. H. Rep.* 54, *Wright* vs. *Steele ;* 3 *N. H. Rep.* 315 ; 7 *N. H. Rep.* 372, *Conn* vs. *Coburn.* Although it is not of value until ratified, because until then it furnishes no found-

ation for an action.    5 *N. H. Rep.* 410;  6 *N. H. Rep.* 432;
8 *N. H. Rep.* 374.    In *McCrillis* vs. *How*, 3 *N. H. Rep.*
348, there was no ratification.    Where an infant purchased
a yoke of oxen, and gave a negotiable promissory note, and
afterwards converted them to his own use, and received the
avails, it was held that this was a ratification of the contract,
and that the indorsee was entitled to recover.    8 *Green. R.*
405, *Lawson* vs. *Lovejoy.*

In 8 *Taunt. R.* 35, *Holmes* vs. *Blogg*, Dallas, J., said :
" in every instance of a contract, voidable only by an infant,
on coming of age he is bound to give notice of disaffirmance
of such contract in a reasonable time."    Whether this is cor-
rect, as a general rule, may perhaps admit of doubt.    The
contracts of infants, where they might be for their benefit,
have of late years been regarded as voidable, rather than
void ; and there may be cases where, so long as the infant,
after coming of age, does no act indicating an election to
treat the contract as valid, no affirmance can fairly be implied.
8 *N. H. Rep.* 376.    But it is not necessary to consider that,
in this case, for there is here positive evidence to show such
an election.    Owing to some condition, annexed to the con-
tract of sale, by which the defendant had the right to return
a kettle, which formed part of the consideration for this note,
the plaintiff called upon him, after he became of age, to make
his election whether he would return or retain the kettle, re-
questing him to return it if he intended to do so.    The de-
fendant saw fit to retain it after this demand, and has thus,
as far as that article is concerned, given quite as strong evi-
dence of his intention to abide by and affirm his contract, as
if the subject matter of the contract had been land, and he
had continued to hold and cultivate it after he became of age.

But the kettle formed only a part of the consideration of
the note ; and it is contended that as there was no demand of
the other articles, there is no evidence of an affirmance be-
yond the value of the kettle—that this is at most but an af-
firmance in part only—and as this part is uncertain, there is

nothing by which the court can render judgment. It is true that there may be an affirmance in part, by a promise to pay a part only ; and if the creditor relies upon such affirmance, the infant is not bound beyond the promise. *Roscoe's Ev.* 246. But this case is not of that character. The act of affirmance here may well be applied to the whole contract.

In fact, the defendant could not affirm in part and reject the remainder, without the assent of the plaintiff. The contract was entire, by which he received certain articles, and gave notes for certain sums. It was not competent for the infant, when he came of age, to say that he would retain part of the articles, and not the rest. The reason of this is apparent. There is nothing to show that the plaintiff ever consented to sell part, only. If, therefore, the defendant had attempted to return other articles, and retain the kettle, he was not entitled so to do, and the retaining of the kettle would have operated as a affirmance of the entire contract. 1 *Green. R.* 13, *Hubbard* vs. *Cummings ;* 4 *Mass. R.* 502, *Kimball* vs. *Cunningham.*

In this case there was no attempt to return the other articles ; and as the defendant kept them, as well as held the kettle after demand, he must be held to have affirmed the whole contract.

We have placed no stress upon the fact that the defendant afterwards sold the kettle, because that was after the commencement of this suit, and, as an act of ratification, standing alone, it would not avail to sustain this action ; (6 *N. H. Rep.* 432, *Merriam* vs. *Wilkins*,) but it might serve to show that the defendant neglected to comply with the demand for a return of the kettle, because he intended to hold it as his own, and abide by the contract.

*Judgment for the plaintiff.*