## UNDERWOOD v. EASTMAN.
## LAMSON v. SAME.

A promise to pay a note which has been barred by a discharge in bank-
ruptcy, revives the debt by a waiver of the discharge, and an action
may be maintained on the original note.

If the new promise is to pay a note which is, by its terms, negotiable,
the holder may afterward indorse the note, and the indorsee may avail
himself of the new promise, in an action in his own name.

A promise to the attorney of a party, known to be acting as such, is
equivalent to a promise to the party himself.

A declaration by a bankrupt who has obtained his discharge, made to a
third person having no interest, that he owes the debt and will pay it,
is not sufficient.

ASSUMPSIT, each action founded upon a promissory note
of the defendant, payable to one W. W. Gould, or order,
and by him indorsed. In the first case the note was also
signed by J. Dustin, who was a surety.

Plea, in each, a discharge in bankruptcy. Replication,
a new promise after the discharge.

The plaintiff, in the first case, introduced the testimony
of W. P. Weeks, that Gould gave him the note declared
on, with instructions to procure a new note, or otherwise
to collect it; that a few days before the writ was made he
called on the defendant, and told him that Dustin was
willing to renew the note if he would, and that the
defendant said that he had just commenced business
again, and was doing well, but depended upon his credit
in Boston, and feared if he renewed the note it would
injure his credit, and on that account he refused to renew
the note, but said he meant to pay it, and would, and that
Dustin should not be hurt upon the note.

In the second case, A. W. Worth testified that the
defendant, upon several occasions, had spoken of the
amount which he owed Gould upon the note in question,
as an honest debt for money borrowed, and repeatedly

Underwood *v.* Eastman.

declared his intention to pay the same. The witness was not acting as the agent of Gould, or of the plaintiff.

In each case the jury, under the instructions of the court, returned a verdict for the plaintiff, and the defendant moved for a new trial.

*Perley,* for the defendant. A discharge in bankruptcy operates a discharge of the debt.

The negotiable character of the instrument is destroyed by the discharge. 3 Chitty Pl. 373. The promise should have been made to the party bringing the suit, or his agent. 3 Wend. 135, *Dupuy* v. *Swart;* 4 Wend. 420, *Moore* v. *Viele;* 5 Mass. 509, *Baker* v. *Wheaton.*

*Kittredge, Weeks & Sargent,* for the plaintiffs. A promise to an agent is as good as to the party himself. 9 N. H. 426, *Hoitt* v. *Underhill.* The statute is only a bar to the recovery, and a new promise operates a revival of the original debt, as in the case of a debt barred by the statute of limitations.

PARKER, C. J. The evidence in the first case shows the express declaration of the defendant, made to the attorney of the creditor, after the discharge in bankruptcy, that he meant to pay the note, and would, and that Dustin, the surety, should not be hurt upon the note. He at the same time refused to give a new note, because he feared it would injure his credit in Boston if he did. This is sufficient evidence of such a new promise to pay as will revive the debt. The refusal to give a new note is not inconsistent with an express promise to pay the existing note.

If the new promise furnished the legal obligation upon which the action must be brought, the objection that it was not negotiable, and could not sustain an action in favor of an assignee of the note, would be well taken.

But the objection, in that shape, would go to any action upon the note itself, and thus prove too much. In cases which are taken out of the statute of limitations by a new promise, express or implied, the action is brought upon the original cause of action, and not upon the new promise. So in cases of infancy, where an express promise, after the party is of full age, is required in order to sustain an action. The new promise is not made the foundation of the suit, but constitutes a ratification of the original contract, and the suit is brought upon that as the substantive cause of action. We see no reason for a different rule in cases like that now before us. The operation of the new promise is to revive the debt; to take it out of the discharge.

The original debt being revived the note is revived, and subsists as the evidence of the debt; and it is revived with all the qualities it possessed before the discharge; its negotiability among the rest. There is nothing in the new promise to limit or restrain it.

*Depuy* v. *Swart*, 3 Wend. 135, has been cited by the defendant's counsel to show that there is a difference between the operation of the statute of limitations, and a discharge in bankruptcy, in this respect, that the statute of limitations only creates a bar to a remedy for the debt, while a discharge in bankruptcy destroys it; that an acknowledgment of the existence of the debt is sufficient to remove the bar of the statute, but a new promise is necessary in order to obviate the effect of a discharge; the conclusion being, as set forth in the abstract of that case, that the original debt is discharged, and that a note — the evidence of the original debt — has no connection with the suit other than as furnishing a consideration for the new promise. It may admit of question how anything which is entirely discharged can afterward furnish a valid consideration.

If this were so, it would be quite clear that the action

should be brought upon the new promise, and not upon the original security. It would be an entire perversion of the principles of pleading to declare upon the consideration, and to plead to an action on the consideration that the defendant never promised, and then to reply the substantive cause of action in avoidance of the plea. There is no necessity for such an absurdity; nor is it important that the declaration should be upon the new promise, for the debt is not paid by the discharge, nor is the exemption from payment, by means of the discharge, a matter which cannot be waived at the will of the party who is entitled to the benefit of it. The form in which it may be waived, in the case of a discharge in bankruptcy, is by a new express promise only. 1 Stark. 370, *Fleming* v. *Hayne ;* 13 Price 667, *Brook* v. *Wood ;* 13 M. & W. 770, *Kirkpatrick* v. *Tattersall.*

Where the statute of limitations furnishes a bar, it may be waived by the admission of an existing debt which the party is liable and willing to pay,— the law in that case implying a new promise, arising from the admission.

The difference in this respect has resulted from the construction formerly given to the statute of limitations, that it raised a presumption of payment. The construction is no longer held sound, but some of its consequences remain.

Perhaps there is no objection to treating the new promise as the cause of action, at the election of the creditor, and declaring upon it as such ; and a case may be imagined where the new promise is so limited and qualified that such a course would be necessary. But such certainly is not the general principle.

In the second case the evidence shows a distinct admission of the debt by the defendant, and a declaration that he would pay it, several times repeated. But a mere admission of the debt, under circumstances to show a willingness to pay it, is not sufficient, after a discharge in bankruptcy.

Underwood *v.* Eastman.

If the declaration that he would pay it, had been made to the plaintiff, or his agent, there would have been an express promise.

But where a new express promise is necessary, a declaration to a third person, having no interest or agency, is not enough. It is a mere declaration of intention. In this respect it is similar to a declaration by a person of full age, that he will pay a debt contracted during his infancy, made to one having no interest in the matter, which does not bind him. 3 N. H. Rep. 314, *Orvis* v. *Kimball;* 9 N. H. Rep. 436, *Hoitt* v. *Underhill.* "A new express promise" implies a promise to the party whose debt is discharged. But a promise made to his agent, while acting as such, is a promise to him.

In the first case,          *Judgment on the verdict.*

In the second case,         ,    *Verdict set aside.*