## EDGERLY *v.* SHAW.

A person, after he becomes of age, may ratify his promissory note, made during infancy, by a promise to pay it in labor, in a specified time, or else in money.

After the time has expired, the promise to pay in money will be an absolute ratification of the note.

The defendant, during infancy, made a promissory note, payable to one Barker, or order, and by him indorsed to the plaintiff. Before Barker transferred the note, the defendant promised him that at the end of six weeks he would come and work for him at a dollar a day, or else he would pay him in money. He did not work for Barker according to his promise. *Held,* that the promise to pay Barker in money was a ratification of the note, and that the indorsee might avail himself of it in an action.

The payee of a note, who indorses it " without recourse," is a competent witness for the indorsee, in an action upon the note against the maker.

ASSUMPSIT upon a promissory note, made by the defendant while an infant, payable to John Barker, or order, and

by him indorsed to the plaintiff, without recourse. The declaration follows the usual form of declaring upon indorsed notes.

The plaintiff called Barker to prove a new promise after the defendant became twenty-one years of age. To this the defendant objected, but the objection was overruled. The objection was that the witness was interested. He testified that while he held and owned the note, he told the defendant, who is a joiner, that he was about having some work done, and he wished the defendant would come and pay him. The defendant answered that he was then engaged to others, but that at the end of six weeks he would come and work for him at a dollar a day, and thus pay him, or else he would pay him in money, but he never did any work for Barker. The defendant objected that this promise would not enable the plaintiff to maintain the suit, and a verdict was taken for the plaintiff, subject to the opinion of the court upon the exception.

*N. & G. N. Eastman,* for the plaintiff.

*Christie & Kingman,* for the defendant.
The note in suit was not mentioned in the conversation proved. It does not, therefore, appear that the promise related to this note.

The promise proved is not a renewal or revival of the original contract, but a new and different contract to pay in a new and different way.

The note of an infant furnishing no cause of action until after it has been ratified and confirmed by the adult, an alternative or conditional promise to pay will not enable the payee to sustain a suit upon the note, whatever might be the result of an action on such conditional promise itself. The promise must be express, confirming the original contract, and waiving the right to be discharged; in short,

equivalent to a new contract in the terms of the old one. Chitty on Bills 152, note, (ed. of 1844;) *Merriam* v. *Wilkins*, 6 N. H. Rep. 432; *Hale* v. *Gerrish*, 8 N. H. Rep. 376; *Mc Crillis* v. *Howe*, 3 N. H. Rep. 348.

This conditional alternative promise is not assignable. If the note had been payable in joiner work *or* money, it would not have been negotiable, nor can a promise to work for the payee be transferred to an indorsee by assignment of the note. *Carleton* v. *Brooks*, 14 N. H. Rep. 149; *Odiorne* v. *Odiorne*, 6 N. H. Rep. 401.

GILCHRIST, C. J. The executory contract of an infant may be ratified or confirmed by an express promise, or by such acts as evince an intention to be bound by it. *Hoit* v. *Underhill*, 9 N. H. Rep. 436; *Aldrich* v. *Grimes*, 10 N. H. Rep. 194. But a mere acknowledgment is not enough. *Hale* v. *Gerrish*, 8 N. H. Rep. 376; *Millard* v. *Hewlett*, 19 Wend. 301; *Thompson* v. *Lay*, 4 Pick. 48. The case of a promissory note rests on the same ground as other executory contracts. It is not void, because it may be confirmed; but it is invalid, that is, without binding force, until it is confirmed. *Merriam* v. *Wilkins*, 6 N. H. Rep. 432; *Conn* v. *Coburn*, 7 N. H. Rep. 368; *Aldrich* v. *Grimes*, supra; *Reed* v. *Bachelder*, 1 Met. 559. The executory contracts of an infant are said to be voidable, but this word is used in a sense entirely different from that in which it is applied to the executed contracts of an infant. In the latter case, the contract is binding until it is avoided by some act indicating that the party refuses longer to be bound by it. In the former case, it is meant merely that the contract is capable of being confirmed or avoided, though it is invalid until it has been ratified.

In the present case, the proof relied on to show a ratification, is of an express promise. It is, therefore, unnecessary to refer to any of the other modes of ratification which are discussed in the books. An express promise to pay a debt

or perform an agreement, contracted or entered into during minority, may be partial, qualified or conditional. And the effect of such promises as a ratification of a previous agreement, is by no means the same.

As to the absolute promise, no question can arise. The partial promise, or the promise to pay or perform a part of the original debt or agreement, is binding only to the extent of the new promise, and is not a ratification of the original debt, but a new and distinct promise, though founded upon the original consideration.

A new promise may be qualified in various ways. It may bind the promiser to pay the debt at a different time or place from those originally stipulated. It may be a promise to pay, not in money, but in specific articles, or in personal services. These cases cannot be distinguished, in principle, from that last stated. They are new contracts, not ratifications of the old ones.

When a contract which requires confirmation is confirmed, it takes effect from its date, or from the time of making it. But this cannot be the case as to an agreement which contains new stipulations, not comprised in the original agreement. Among the many advantages of an observance of the rules of pleading, is to be remarked the precision with which they indicate the exact point in controversy. And in whatever form the question may arise, we can see at once the material points involved, by supposing the questions to be raised by the pleadings. When infancy is pleaded to a declaration upon a contract, the replication, if the plaintiff would avail himself of a ratification or new promise, that the defendant, after the making of the said promises in the declaration mentioned, and before the commencement of the suit, to wit, on, &c., attained his age of twenty-one years, and after he had so attained, &c., and before the commencement of the suit, to wit, on, &c., assented to, and then and there ratified and confirmed the said promises in the declaration mentioned, &c. 2 Ch. Pl. 595; Story's Pl.

150. The rejoinder is, that the defendant did not, after he attained the age of twenty-one years, and before the commencement of the suit, assent to, ratify and confirm the said promises in the declaration mentioned, or either of them, in manner and form, &c. 2 Ch. Pl. 659; Story's Pl. 150. Upon these pleadings, it is apparent that the point to be tried and determined is merely whether the defendant confirmed the promises declared on. Evidence that he made any other or different agreement, would not support the rejoinder, any more than it would support the original declaration. In such cases, it is clear that the new contract is valid, and it has never been denied that the original consideration is sufficient to support it; but being a new and different contract, it must be stated and declared on according to the facts and the evidence to sustain it.

Within the class of qualified promises in renewal of contracts entered into by an infant, are the cases of new promises, to be performed upon a condition or a contingency. They are distinguishable from other cases of qualified promises, by the nature of the qualification. So long as the contingency remains, or the condition is unperformed, they are qualified contracts, governed by the same rules as the class last referred to. They may be declared upon and an action maintained upon them, but the contract offered in evidence is not that originally made. It differs from it in substantial particulars. If the plaintiff declare upon the original cause of action, and allege a confirmation of the original contract, he will fail, because his proof will show a new and distinct contract, and not an affirmance of the old one. The evidence would, in fact, prove a refusal to ratify the original agreement. If the defendant promise to pay in goods, it will be equivalent to saying, " I will not pay you in money, but I will pay you in goods," thus proposing to substitute a new contract for the old one. If he should say, " I will pay you in three years," or " when I am able," he will, in substance, decline to pay when the plaintiff requests it.

If a new promise be made to pay or perform a contract made under age, upon a contingency or a condition, no action will lie until the happening of the contingency or the performance of the condition, for the old contract will not until that time have been confirmed, and the new agreement is distinct from it; and of that, in the case supposed, there will then have been no breach. When the contingency has happened, or the condition is fulfilled, the new contract becomes absolute, the original contract is ratified, and the plaintiff may declare upon it, or upon the new agreement. If he declare upon the original contract, and infancy be pleaded, he may reply a confirmation, and upon proper evidence he will be entitled to recover. Or he may declare upon the new promise, and set it forth with the necessary averments; and upon sufficient proof, will be entitled to recover in that case.

In the case of *Whitney* v. *Dutch*, 14 Mass. 457, an infant made a promissory note, and when he became of age, being applied to for payment, acknowledged that it was due, and promised that on his return to E., where he resided, he would endeavor to procure the money and send it to the plaintiffs. It was held that this was competent evidence of a ratification. The action was upon the note. The defendant pleaded infancy, and the plaintiff replied a confirmation of the original promise. *Parker*, C. J. said " the terms of ratification need not be such as to import a direct promise to pay. All that is necessary is that he expressly agrees to ratify his contract, not by doubtful acts, such as payment of a part of the money due, or the interest, but by words, oral or in writing, which import a recognition and a confirmation of his promise." In the case of *Everson* v. *Carpenter*, 17 Wend. 419, it was held that if a promise by an infant to pay his note be conditional, performance or the happening of the condition must be shown, to sustain an action. In *Thompson* v. *Lay*, 4 Pick. 48, *Parker*, C. J. states the law thus: " A ratification may be absolute or conditional. If it

be the latter, the terms of the condition must have happened or been complied with before an action can be sustained. I ratify and confirm my promise, provided I receive a certain legacy, or if I succeed to a certain estate, or if I recover a certain sum of money, or if I draw a prize in a certain lottery, would make a conditional promise or ratification sufficient to make the defendant liable on a contract made when a minor, when the events happen, but not before."

In the case before us, the defendant, on being asked by the plaintiff to pay, said that at the end of six weeks he would come and work for him, at a dollar a day, or else he would pay him the money. This was a qualified promise to pay, depending on a contingency. For the period of six weeks the defendant reserved to himself the right to pay in labor, at a dollar a day. During that time it was contingent whether his promise to pay the money would become binding, and until the expiration of that period, it was uncertain whether the original contract would be confirmed, or the alternative promise would be performed. Until the end of six weeks no action could be brought, either upon the old or the new contract; but after the six weeks had elapsed, after the right reserved by the defendant to pay in labor had ceased, the new promise to pay in money became absolute, and the old contract was absolutely confirmed, and the defendant was then liable to be sued upon either contract. It does not appear whether the action was brought before or after the expiration of the six weeks. We take it for granted, however, that it was brought after that time.

The effect of the new promise, after it became absolute, being to ratify and confirm the note, and to give it the same validity as if the promisor had been of legal capacity to make the note at the time of its date, it was from that time at least a good negotiable note, transferable according to its terms, and the action may well be brought in the name of the indorsee. *Reed* v. *Bachelder*, 1 Met. 559. If an action had been brought upon the new promise, it must have

been in the name of Barker, because that contract is not negotiable.

We see no objection to the competency of Barker as a witness. Having indorsed the note "without recourse," he was not responsible in any way to the plaintiff, and stands as if he had been released by him. *Cowles* v. *Harts*, 3 Conn. 516; *Howe* v. *Thompson*, 2 Fairf. 152; *Watson* v. *McLaren*, 19 Wend. 558.

*Judgment on the verdict.*