### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR

## THE COUNTY OF ROCKINGHAM, SEPTEMBER TERM,

### A. D. 1827.

---

### JOHN M. ADAMS *versus* ROBERT MORRISON.

When an executor or administrator acting under a license from the Judge of Probate, authorizing him to raise a particular sum by the sale of real estate, sells and conveys an entire tract of land for an entire sum of money exceeding in amount the sum he is authorized to raise, the sale is void.

THIS was a writ of entry, in which the demandant counted upon his own seizin of a tract of land in Londonderry and upon a disseizin by the tenant.

The cause was tried here upon the general issue, at September term, 1826, when it was admitted that the demandant was the son and sole heir of John M. Adams deceased, who at the time of his death was lawfully seized of the demanded premises in fee simple.

It appeared in evidence that John M. Adams, deceased, made a will which on the 18th May, 1815, and after his decease, was duly proved and allowed, and administration of the estate committed to John Jackson, the executor named in the will. A disposition was made of the whole estate by the will, but no mention was made of the demandant, nor was any allusion made to him in any

way, he having in fact been born four months after the probate of the will.

The said executor having duly obtained license to sell so much of the real estate as would raise the sum of $800, by deed dated the 4th of January, 1816, and executed by him as executor, conveyed to Josiah Perry and Nathaniel Merrill a part of the real estate aforesaid for the consideration of $170 29, and by another deed dated the 8th July, 1816, and executed by said Jackson as executor, he conveyed to Daniel Watts another parcel of said real estate for the consideration of $145.

On the 15th October, 1816, by another deed of that date, executed by said Jackson as executor, he conveyed to the tenant another parcel of said estate being the demanded premises, for the consideration of $531 37.

Sometime in the year 1820, the deed given as aforesaid by Jackson to Perry and Merrill was by agreement of the parties cancelled, and Jackson by a deed dated May 25, 1820, and executed by him as executor and by virtue of said license, conveyed the same land to Aaron Clark, and said deed was cancelled for the purpose of enabling him to do this.

A verdict was taken for the demandant by consent, subject to the opinion of the court upon the foregoing case.

*Porter*, for the demandant.

*Dickey*, for the tenant.

*By the court.* This is a very plain case. Jackson the executor acting under a license from the judge of probate to raise $800, by a sale of real estate, and having raised $315 29 under and in pursuance of the license, sold and conveyed the demanded premises to the tenant for $531 37. This sum with what had been before raised exceeded the sum which he was authorized to raise and the sale to the tenant was clearly not warranted by the license.

We hold it to be clear law, that when an executor or administrator acting under a license from the judge of

probate authorizing him to raise a particular sum by the sale of real estate, sells and conveys an entire tract of land for an entire sum of money exceeding in amount the sum he is authorized to raise, the whole sale is void. The reason of this is obvious. His doings are valid so far as he acts in pursuance of the license and no farther. When he goes beyond his authority his acts are void. And as in such a case the act is entire, and there is no way to ascertain what portion of the land he had authority to convey, and what not, the whole conveyance is necessarily pronounced to be void.

When separate tracts of land are sold under a license for distinct prices the law is otherwise. In such cases the sale of some parcels may be legal and that of other parcels not so.

These principles have been frequently recognized by courts and are believed to be sound law. 1 Levintz 150, *Jenkins* v. *Keymis* ; Hardres 395, S. C. ; Comyn's Digest, " Poiar" C. 6 ; 2 Strange 992, *Rattle* v. *Popham* ; 2 Johns. 48, *Batty* v. *Carswell* ; 8 Coke 138, *Whitlock's case.*

It is clear then that nothing passed to the tenant by Jackson's deed.

It is unnecessary to consider whether Jackson had any authority as executor to take back the estate conveyed to Perry and Merril by cancelling the deed ; or whether if the estate had been revested in the heir by that arrangement, it could have had any effect upon the conveyance to this tenant ; because we are clearly of opinion that a reconveyance merely for the purpose of enabling Jackson to sell again, could not make the title of the tenant valid.          *Judgment on the verdict.*