## French *versus* Hoyt, et a.

Upon an application by the administrator of an intestate estate, for licence to sell real estate, for the payment of debts, there must be an order of notice ; and if such license is granted without notice to the heirs, a sale under it will pass no title to the vendee.

And such order of notice is necessary notwithstanding the application is made by the mother of minor heirs, for whom no guardians have been appointed, and notwithstanding the estate is supposed to be insolvent.

Trespass for breaking and entering the plaintiff's close in Sandown.

The parties agreed upon a statement of facts, by which it appeared that William H. Hoyt, the father of the defendants, died seized of the *locus in quo*—that his estate was represented insolvent ; and that Betsey Hoyt, who was administratrix of his estate, by virtue of a license from the Judge of Probate for the County of Rockingham, sold and conveyed the premises, in 1826, to one Samuel Smith, who conveyed the same to the plaintiff.

The said Betsey is the mother of the defendants. The license to sell was granted on her application, without any order of notice, and without any notice to the heirs of said William H. Hoyt ; and the defendants were at that time minors for whom no guardians had been appointed.

The sale and conveyance were in other respects in due form.

The defendants entered as the heirs at law of the said William H. Hoyt.

*G. Sullivan and C. H. Atherton*, for the plaintiff.

*James Bell* for the defendants.

Parker J.   By the statute of July 2, 1822, empowering the several judges of probate to license, executors, administrators and guardians to sell real estate in certain cases, it is enacted that in default of personal estate to answer the just demands against the estate of any per-

son deceased, the judge of probate, where the administration was granted, is empowered to license and authorize the executor or administrator of such estate to sell at public auction, so much of the real estate of the deceased as shall raise a sum of money to be fixed upon by the judge, and sufficient for the purpose—" Provided nevertheless, that in all cases of application by an executor or administrator for license to sell real estate, the judge of probate, before he grants such license, shall cause the heirs and devisees to such estate, or their guardians, to be notified thereof, and at what time and place they may be heard concerning the same ; and if they will give bond with sufficient sureties for the payment of said demands, and to save harmless the executor or administrator therefrom, no license shall be granted."

The second section of the same act provides, that " when any estate in land other than a present fee in the same is to be sold by virtue of this act, such estate shall be specified in the application for license in the order of notice, and the license."

It is agreed, in the present case, that a license was granted to sell the real estate of William H. Hoyt, the intestate, on the application of the administratrix of his estate, without any order of notice, and without any notice to the heirs ; but it is contended that the heirs, being minors at the time, and no guardian having been appointed for them, an order of notice and notice to them was not necessary, because the administratrix who made the application was their mother, and guardian by nature—that she had knowledge of course, and that a notice to the minors themselves would have been useless.

We are of opinion that this argument cannot avail to justify the proceedings in this case.

The statute, in its terms, evidently contemplated that, whoever might be executor or administrator, and whether guardians had been appointed, or not, there should be an order of notice, and a day appointed for a hearing.

The extreme youth of minor heirs, who are without guardians, may in some cases render this a useless formality, so far as respects any care of their interests, by themselves personally, but even in such case, they may have relations and friends competent, and disposed to guard their rights, and who, as next friends, will be entitled to be heard in their behalf, and will take the necessary measures to protect and preserve their interests.

Nor is it any answer to this, to say, that the provision of the statute is so drawn, that an order of personal notice to heirs of tender age, who would neither know the object of it, nor be able to communicate the fact to their friends, would be a compliance with the requisitions of the statute, and yet be of no avail.

It is perhaps within the general discretion of the judge of probate what notice it is proper to order, under the circumstances of each case, and if so, it is to be presumed that the discretionary power will be exercised in a suitable and proper manner, and the order of notice be such as is best calculated to effect the objects of the statute. It would undoubtedly be an indiscreet exercise of his powers, to order personal notice to infants too young to be able to comprehend its purport and object, and whether such notice could be held legal, as within the discretion of the judge, it is not necessary now to decide.

There was here no notice of any kind. For aught which appears, no one except the mother, who was the applicant, had any knowledge of it.

But the mother, as guardian by nature, or for nurture, has no control over the estate of the child, nor is she under any responsibility for the due care of it. 6 Conn. Rep. 500, *Kline* v. *Beebe* ; 2 Kent's Com. 181 ; 1 Johns. Ch. Rep. 3, *Genet* v. *Tallmadge* ; 3 Pick. 213, *Miles* v. *Boyden* ; 1 P. Wms. 285, *Dagley* v. *Tolferry* ; Co. Litt. 88, C. & notes 12 & 13, Day's Ed. ; Reeve's Dom. Rel. 314.

Knowledge by the mother, therefore, ensured no legal protection to the rights of the minors, for she had no le-

gal custody of the estate in their behalf, nor, as such guardian, owed any duty in relation to it.

Even if a father, who more generally superintends the pecuniary interest of his children, was applying, as executor or administrator of an estate in which they were interested, for license to sell that estate for the payment of the debts, there must be an order of notice, and a day of hearing, before license could be granted. And so if the executor or administrator applying, held at the time a letter of guardianship over the heirs.

It is evident that the law did not intend to leave the rights of those who might be interested adversely to the application, to the sole care of the individual making that application, even if he were a guardian duly appointed according to law.

An order of notice, and a day of hearing, are expressly made necessary, by the sixth section of the same statute, where a guardian applies for license to sell the real estate of his ward, notwithstanding it is the special duty of such guardian to take care of the interest of his ward, and he is moreover under bonds for the faithful discharge of that duty. The ward himself, or others in his behalf, may still show in such case that a license ought not to be granted, and we think this furnishes a conclusive argument to prove that there is no sufficient reason to dispense with an order of notice, and a day of hearing, upon an application for license to sell for the payment of debts, although the executor or administrator making the application, may be the mother, father, or even the guardian of the heirs interested in the estate.

It has been further urged, that the estate of William H. Hoyt was in fact insolvent; that the heirs, therefore, could have no interest in the application for license to sell, and that the necessity for notice was thereby superseded.

But the statute has made no exception of such a character, and moreover it could not be judicially ascertained

that the estate was in fact insolvent, until the real estate was actually and legally sold, and the accounts of the administratrix rendered.    That the estate was represented insolvent, was no certain indication that it would prove so.    That upon an estimate of the value of the real estate, such was probably the fact, can furnish no reason for disregarding a plain and positive provision of the statute.

To hold that the eventual insolvency of the estate might furnish a dispensation from the requisitions of the act, would make the validity of the proceedings depend upon the amount realized by the sale ; and if, upon a settlement of the administration accounts, it was found that the sum so received was sufficient, with the personal estate to pay all the debts, and that no notice had been given, then the sale would become void and the purchaser's title fail ; the proceedings must be commenced *de novo*, and unless notice should be given upon the subsequent applications, they must be repeated *until the proceeds of the sale should be small enough to make the sale itself legal.*

It is only necessary to state this result to show that this argument cannot avail the plaintiff.

The rule prescribed by the statute is plain and simple ; it contains no exceptions, nor do we discover any sufficient reasons why any should be made in this case.

*Judgment for the defendants.*