# Hoit *vs.* Underhill.

Where an individual gave a note during infancy, and after he became of age made declarations to persons, having no interest in, or agency as to the note, of an intention of payment—*held*, that such declarations formed no such evidence of a promise of payment, or ratification of the contract, as would render such person liable.

There must be either a direct promise to the party himself, or his agent ; or a ratification by acts accompanied by declarations showing a clear recognition and confirmation of the contract ; or a ratification by acts alone, such as the sale of property, or use or improvement of the same after the party has been

of age a sufficient time to rescind the contract, which he neglects to do, in order to render the individual liable for the contracts of the infant.

ASSUMPSIT, for $90, money paid, and money had and received. The writ was dated February 21, 1837. Plea, the general issue, by guardian, the defendant being a spendthrift.

On behalf of the plaintiff it was proved, that on the 12th of February, 1836, the defendant exchanged horses with one Samuel Baldwin, and agreed to give him $75, and the plaintiff and one Reuben Sargent signed a note with the defendant to Baldwin for that amount. On the 12th day of April, 1836, the plaintiff paid the note, having been sued by Baldwin.

It appeared that the defendant was twenty-one years of age on the 21st of November, 1836; that he was under guardianship as a minor for three years before that time, and his infancy was relied upon as a defence.

It was then proved by the plaintiff, that February the 18th, 1837, the defendant stated, in the presence of two persons, that he meant to pay Hoit all he had paid for him; that it was justly due to Hoit, and he would pay him; that he was worth enough to pay him, and should have paid him before, if he had not been advised not to. At another time the defendant spoke of the debt to another person, and said he meant to pay his *honest* debts, contracted when he was a minor, but not others; and declared with an oath that he would pay Hoit, the plaintiff.

But it was not proved that these declarations were made in the presence of the plaintiff, or to any agent of the plaintiff; and for this reason the defendant objected to the admission of the evidence; but the court overruled the objection.

The jury having returned a verdict for the plaintiff, the defendant moved for a new trial, on account of misdirection of the court in the admission of the testimony aforesaid.

*H. F. French*, for the defendant, contended that to render

an individual liable after he becomes of age, for debts contracted when he was an infant, there must be an express promise of payment, or a confirmation and ratification of the contract ; and that a mere declaration of an intention to pay, made to a third person, is no promise of payment : and to these points cited 3 *N. H. R.* 314, *Orvis* vs. *Kimball ;* 1 *Green.* 11, *Cummings* vs. *Hubbard ;* 6 *ditto* 89, *Dana* vs. *Coombs ;* 10 *Mass.* 137, *Martin* vs. *May ;* 14 *Mass.* 457, *Whitney and al.* vs. *Dutch and al. ;* 1 *Pick.* 221, *Barnaby* vs. *Barnaby ;* 1 *ditto* 202, *Ford* vs. *Phillips ;* 6 *N. H. R.* 432, *Merriam* vs. *Wilkins.*

*Pillsbury,* for the plaintiff.

Upham, J.   We have been unable to find any case that comes so near the present as that of *Orvis* vs. *Kimball,* 3 *N. H. R.* 314.

In that case it appeared in evidence that the defendant, after he arrived at the age of twenty-one years, had declared his intention to pay the note then in suit ; but it did not appear that this declaration was made in presence of the plaintiff or his agent.   It further appeared, that when of age the defendant employed an agent to find and pay the note ; but it did not appear that the agent had done any thing upon the subject.

The court, in delivering their opinion, say, that " the mere ' declaration of an intention to pay, made by an adult, is not ' sufficient to bind him to pay a note, made when he was ' an infant ; still, we think that when, as in this case, he em- ' ploys an agent to find the note, and authorizes that agent ' to pay it after he arrives at the age of twenty-one years, ' these acts amount to such a confirmation of the contract ' as ought to bind him."

They further remark, " that where an individual, after ar- ' riving at years of discretion, deliberately adopts a contract,

' and gives evidence of this, not only by his declaration, but ' by his acts, we think he ought to be bound."

It is apparent, from this statement of that case, that the decision depended not on the mere declarations of the party after arriving of age, but declarations accompanied with acts showing a design of payment deliberately formed, and entitled, therefore, to more weight than mere declarations could give.

This case goes as far, at least, we believe, as any adjudged authority, and we regard it as decisive of the case before us. Here there is no evidence of a ratification of the debts after the defendant arrived of age, excepting mere declarations to third persons, wholly uninterested in the note; and we are clearly of opinion that a mere design of payment, or an expression made to a third person, of a determination to pay, cannot be regarded as evidence of a promise of such a nature as to render an individual liable on a contract entered into when an infant.

There must be either a direct promise, voluntarily made, after the individual becomes of age, to the party himself, or his agent, to pay; or there may be a ratification of the contract by certain acts, accompanied by declarations, showing a clear recognition and confirmation of the contract; or *by acts alone,* such as the sale of real estate, or disposal of other property, after the infant has become of age, or the use and improvement of such estate or property when sufficient time has expired to afford him a reasonable opportunity to rescind the contract, and he neglects it, in order to render an individual liable after he becomes of age, for his contracts made when an infant. 2 *Star. Ev.* 725; 10 *Mass.* 137, *Martin* vs. *May ;* 14 *ditto* 457, *Whitney and al.* vs. *Dutch and al. ;* 1 *Pick.* 221, *Barnaby* vs. *Barnaby ;* 8 *N. H. R.* 374, *Hale* vs. *Gerrish ;* 8 *Green.* 405, *Lawson* vs. *Lovejoy ;* 1 *Green.* 11, *Hubbard and al., Ex's,* vs. *Cummings ; Com. Dig., E, Infant, C,* 6, 8; 6 *Green.* 89, *Dana and al.* vs. *Coombs ;* 15 *Mass.* 220, *Boston Bank* vs. *Chamberlain.*

The evidence here is not sufficient to bring this case within

either of the classes named. It shows no new promise or ratification of the contract, within any acknowledged principle for authority. The instructions, therefore, given on the trial, were erroneous, and the

*Verdict must be set aside.*