## Hoit *vs.* Underhill.

A deliberate declaration by a party of full age, that he would pay the amount of certain money which had been paid by a surety for him during his infancy, made to an agent of the surety, who was authorized to call on him for that purpose, is sufficient to charge him, notwithstanding there is no evidence that the agent disclosed his agency at the time, nor any express evidence that the party had knowledge of the authority.

The admission of a person who is under guardianship as a spendthrift, respecting contracts or declarations alleged to have been made by him prior to the existence of the guardianship, are competent evidence.

Assumpsit, for money paid. The defendant, by his guardian, pleaded the general issue.

It appeared in evidence, that on the 12th of February, 1836, the defendant exchanged horses with one Baldwin, and agreed to pay Baldwin $75·00, for which he procured the plaintiff to sign a note with him as surety. The plaintiff was sued on the note, and on the 12th of April following paid Baldwin the amount. The defendant was at the time a minor, having attained his full age November 21, 1836.

The plaintiff instituted this suit, to recover the amount, February 21, 1837.

On the 13th of September, 1837, Joseph Chase was appointed guardian of the defendant, on account of his being a spendthrift. To rebut the defence of infancy, the plaintiff offered the evidence of a witness, that the plaintiff requested him to go to the defendant, and see what he would say concerning the trade with Baldwin, and if he would not pay him what he had to pay : that, in pursuance of that request, he saw the defendant on the 1st of February, 1837, and that the defendant then said to him that he would pay the plaintiff every cent he had to pay on the Baldwin debt.

The plaintiff also proved, that at two different times since the appointment of said Chase as guardian, the defendant had declared, in answer to a question by the plaintiff, that he had promised the plaintiff to pay this demand, between

Hoit *v.* Underhill.

the time when he became twenty-one and the commencement of this suit.

The counsel for the defendant objected, that it did not appear that the witness, when he had the conversation with the defendant, disclosed to him that he made the enquiry at the request of the plaintiff, or that he was acting as agent for him, and that no acknowledgment by the defendant, after the commencement of the suit, and after the appointment of said Chase as guardian, could be given in evidence to charge the defendant.

A verdict was taken for the plaintiff, by consent, subject to the opinion of the court on the foregoing case.

*Pillsbury,* for the plaintiff.

*H. F. French,* for the defendant.

Parker, C. J. It appears that the defendant, after he became of age, before this suit was commenced and before the appointment of a guardian, made a promise that he would pay the plaintiff the debt now claimed. The promise was made to a person who was in fact the agent of the plaintiff, specially authorized to call on the defendant and see what he would say, and if he would not pay what the plaintiff had paid for him. In this respect this case differs from the case before us at the last term. 9 *N. H. Rep.* 436. It does not appear, however, that the fact that the person was agent of the plaintiff was disclosed to the defendant at the time.

Upon this evidence, it is objected, that there could be no contract, because the defendant, if he made the declaration without knowledge that the party to whom he made it was agent, could not have understood that he was making a contract, but must have made a mere declaration of intention.

This objection comes, perhaps, with a better grace from a guardian of the defendant than it would from the party himself. It may well be answered, that the promise of an in-

fant, when he becomes of age, operates only to remove the legal bar to a recovery, on a contract made before. The suit is on the original contract. And an infant may remove this bar, without any communication with the creditor, or any agent of his. It is well settled that he may ratify the contract by his act. *Aldrich* vs. *Grimes, ante* 194; 3 *N. H. Rep.* 315, *Orvis* vs. *Kimball, and auth. cited;* 1 *N. H. Rep.* 75, *Roberts* vs. *Wiggin.* And this not only without the presence of the creditor, or any agent of his, but without his having, at the time, either by himself, or any agent, any knowledge whatever of any such ratification. That he may ratify by acts alone, shows that the action should not be instituted on the new promise, if there is one, and that the original contract is the foundation of the suit, although it furnishes no legal cause of action until it is ratified after the party is of full age. 6 *N. H. Rep.* 372, *Merriam* vs. *Wilkins;* 7 *N. H. Rep.* 372; (8 *N. H. Rep.* 432.)

It is not necessary, therefore, that there should be a new contract, according to the technical definition of a contract. There is no need of a new bargain between the creditor and debtor. The infant may ratify after he is of age, even against the consent of the other party.

While, then, in order to guard his rights, he should not be bound by loose declarations of his intentions, (3 *N. H. Rep.* 315) or by any mere expression of an intention to pay, made to a person having no authority whatever in the matter, (9 *N. H. Rep.* 436) it would seem to be enough, if the ratification is made by a deliberate declaration, made to a third person, who was in fact agent, on an application well calculated to lead him to presume that the party thus applying came in behalf of the creditor, without any express declaration of authority, and without any express evidence that the defendant had knowledge of the authority. And we are of opinion that this evidence is sufficient to sustain the action.

The other evidence in the case, if it stood alone, is sufficient to charge the defendant. A promise by the defendant,

after he was placed under guardianship, or after suit, would be insufficient ; but an admission, after suit, of a promise made before the suit, would be competent evidence where no guardianship existed; and the guardianship does not change all the ordinary rules of evidence. The defendant might be charged for any tortious acts, notwithstanding the guardianship; and those acts might be proved, we think, by his confessions ; and if so, he may make declarations in relation to his previous transactions, which will be competent to be weighed by the jury. He could not make a contract after he was placed under guardianship, and the evidence was not offered to prove one. It was offered for the purpose of showing that he had previously made such contract, or ratified one, and was in that point of view admissible, and to be weighed by the jury. Unless they believed that the promise was actually made before the guardianship, and before the suit, the evidence of the admissions would be unavailing to sustain the action ; but there was no evidence tending to contradict it, and no desire to have the jury pass upon it. As the evidence was rightly admitted, there must be

*Judgment on the verdict.*