## MERRILL v. HARRIS.

It is not necessary that a license granted by a judge of probate to an administrator to sell real estate, which is represented to be more than sufficient for the payment of the demands against the estate, but so situated that it cannot be sold without injury to the persons interested therein, should fix the sum of money to be raised by the sale.

The decisions of a judge of probate regularly made, of matters within his jurisdiction, are, unless an appeal is interposed, conclusive.

If regular and legal notice be given to the heirs and all concerned, of the petition to a judge of probate for the sale of real estate, and all the proceedings connected with the issuing of the license be regular, it is a matter within the discretion of the judge to say whether, upon the evidence furnished, he will grant the license or not; and his decision can be inquired into only by appeal, and not collaterally.

The sureties upon an administrator's bond are not liable for a breach of covenant in the deed of an administrator of the real estate of the deceased, and are not incompetent witnesses for the administrator by reason of any such covenants.

WRIT OF ENTRY, brought to recover a tract of land in Holderness, in this county.

The plaintiff claimed by virtue of a deed from the administratrix upon the estate of Susannah Fogg, late of

Holderness, and introduced the following evidence to sustain his action:

1. Letter of administration, dated August 2, 1850.

2. Commission of insolvency; same date.

3. Commission to appraisers; same date.

4. Return of inventory, dated August °18, 1850, embracing real estate, $275, and personal, $14,48.

5. An application for license to sell real estate, dated August 20, 1850. The application states that the personal estate of the deceased is not sufficient to pay the demands against the same, and prays that the real estate, (which is described,) may be sold. It further represents that the whole of the real estate is more than sufficient for the payment of such demands, but that the same is so situated that a part thereof cannot be sold without injury to the persons interested therein.

6. An order of notice and publication.

7. A license to sell, as follows:

" *State of New Hampshire—Grafton, ss.*

At a court of probate, holden at Haverhill in said county, on the third Tuesday of October, Anno Domini, 1850—

Upon examining the foregoing petition and order of notice thereon, it appears that said order has been complied with, and that the facts alleged in said petition are true. It is therefore decreed, that the prayer of said petition be granted, and that the said petitioner have license to sell the whole of the real estate of the said deceased in said petition described.

E. MARTIN, Judge of Probate."

8. The subsequent proceedings of the administratrix in selling, which were proved to have been regular; and her deed to the demandant.

9. Report of the commissioner of insolvency, dated

February 1, 1851, which was duly accepted, allowing claims against the estate, to the amount of $2,75.

10. An application by the administratrix for the allowance of her private claim of $239,11, dated April 15th, 1851.

11. The appointment of William Leverett, John H. Thompson and Russell Cox, as referees, to adjudicate upon the claim. The commission recites that the claim is contested by Robert Harris, who is an heir to said estate.

12. The report of the referees, dated June 24th, 1851, allowing the claim in full, with costs of reference.

13. What purports to be a decree of the judge of probate, at a court held at Plymouth, on the 15th day of July, 1851, accepting said report; but by law, the court should have been held at Bristol on that day, instead of Plymouth.

14. A decree of the judge of probate, at a court held at Plymouth, on the third Tuesday of May, 1852, accepting said report; but it did not appear that any order of notice had been published that the question of the acceptance of said report, or the allowance of the private claim, would be considered at the last mentioned court.

15. Parol evidence tending to prove that the deceased, at the time of her death, was indebted to the administratrix to the amount claimed by her.

The defendant objected, that the license to sell did not fix the sum of money to be raised by the sale, and that there was no legal evidence of the existence of the debt to the administratrix, nor of any debt sufficient to warrant the sale; and for these reasons moved for a nonsuit, but the motion was denied by the court.

In the course of the trial, one of the sureties upon the administration bond was offered as a witness, and the defendant objected that he was incompetent, by reason of interest resulting from his suretyship, but the court admitted the witness.

The deed of the plaintiff purports to convey " all the

·right and interest of said deceased at the time of her death," in the land in controversy, and contains the following covenant: " And I do hereby, in my said capacity, covenant with the said John M. Merrill, his heirs and assigns, that I am fully authorized to make sale of the premises; that in all my proceedings in the sale thereof I have complied with the requirements of the statute in such case made and provided, and that I will warrant and defend the same to him, the said John M. Merrill, his heirs and assigns, against the lawful claims of all persons claiming by, from or under me, in the capacity aforesaid."

The jury returned a verdict for the demandant, and the defendant moved to set the same aside and for a new trial, for supposed error in the rulings of the court.

*Sargent,* and *E. A. Hibbard,* for the defendant.

I. The motion for a nonsuit should have prevailed. First, because the license did not fix the sum of money to be raised by the sale. Rev. Stat. chap. 164.

And second, because there was no legal evidence of a debt sufficient to authorize the sale. There must be such a debt, and it must be proved, but it was not proved. The power of the probate court is, to authorize a sale " where the personal property shall be insufficient to pay the just demands." Rev. Stat. chap. 164, § 1.

If there are no debts, the judge has no more power over the real estate than if it belonged to a stranger. His own mistake in supposing there were debts, does not give him jurisdiction. The case of *Heath* v. *Wells,* 5 Pick. Rep. 140, is in point.

The cases where an erroneous license has been sustained, have been where some license was necessary, but not for so large a sum. If it was necessary that there should be a debt, it was necessary for the plaintiff to prove it. The defendants of course could not prove the contrary. The

plaintiff must in such a case produce a probate decree regularly made.

No sufficient debt was proved. There were $14,48 in personal property, and only a debt of $2,75.

A legal decree was necessary. The granting of license is not sufficient or even *prima facie* evidence of an indebtedness. The first (so called) decree was manifestly void, and the second was still more of a farce.

But there is another fatal objection. There was no legal report to found any decree upon. The statute requires that notice shall be given to the heirs, of the time and place when and where the administratrix' private claim will be presented for examination and allowance. Rev. Stat. chap. 162, § 16. Here was no proof of any such notice.

II. The verdict should be set aside because the court erred in admitting the witness Hughes. He was interested in the verdict.

*W. C. Thompson, Burrows,* and *Bellows,* for the plaintiff.

I. The sale was under § 3 chap. 164 Rev. Stat. and was authorized, whether the proceeds were or were not sufficient to pay the debts ; and of course the real estate was to be sold for the most it would bring. Then to fix a sum to be raised by the sale would be absurd. So that § 5 must apply only to the license to sell so much as is necessary to pay the debts, &c., and not to this case. The form in Chase's Probate Directory, 120 does not fix the amount.

II. It was not necessary that the debts should be legally ascertained in order to uphold a license to sell.

This matter is within the discretion of the court of probate, and if the heirs desire to prevent a sale, their only course is to give bonds to pay the debts.

There is no provision of the statute requiring such liquidation. It is for the judge to say whether or not the personal estate is sufficient. So is the practice in the probate

court. Chase's Probate Directory, 115, 116. And so also in *Hodgdon* v. *White*, 11 N. H. Rep. 209, which was an appeal from the decree of the judge, and no debt ascertained; but license was granted, notwithstanding.

But it was shown that debts did exist, by proof before the jury. As a matter of fact, debts against the estate did exist, and the granting of the license was proper, unless it be held that the debts must first be legally ascertained or liquidated.

The administration bond only goes to secure the proper administration of the assets of the estate. And so the security is in no way to be affected by the covenants in the deed to Merrill, or the result of this suit. The result here does not even show, as between her and Merrill, whether she had a right to convey as she did or not.

EASTMAN, J. It is contended on the part of the defendant that the nonsuit moved for upon the trial should have been granted; and for the reason, that the license which was granted by the probate court, and which laid the foundation of the plaintiff's title, was illegally issued.

But such is not the conclusion to which we have arrived. The decisions of a judge of probate, regularly made, of matters within his jurisdiction, are, unless an appeal is interposed, conclusive against all the world. *Bryant* v. *Allen*, 6 N. H. Rep. 116.; and numerous authorities there cited. This doctrine has been frequently recognized in this court, whenever the question has arisen.

The proceedings of the probate court, however, must be regular, and upon matters within the jurisdiction of the judge to determine, otherwise they will not be conclusive. Thus it has been held, that upon an application by the administrator of an intestate estate, for license to sell real estate for the payment of debts, there must be an order of notice; and if such license is granted without notice to the heirs, a sale under it will pass no title to the vendee, the

statute being explicit that notice shall be given before such license can be granted. *French* v. *Hoyt & al.* 6 N. H. Rep. 370.

It is said that the license in this case was not regularly issued; and for two reasons; first, because it did not fix the sum of money to be raised by the sale, and second, because there was no legal evidence of any debt sufficient to warrant it.

The section of the statute upon which the first position is founded, is as follows : " The judge in such license shall fix the sum of money to be raised by such sale, and may, when he shall judge it expedient, specify the tracts or parcels to be sold." Rev. Stat. chap. 164, § 5.

It would seem, perhaps, upon the first reading of this section, that this license was defective, inasmuch as it does not state the amount for which the sale is to be made ; and were this the only section in regard to the subject, the position would probably be correct. But this petition and license are not founded upon that section of the statute, but upon the third section of the same chapter, which is as follows : " If the real estate is so situated that a part thereof cannot be sold, without injury to the persons interested therein, license may, on application, be granted to sell the whole of such estate, though it may be more than sufficient for the payment of said demands."

This petition sets forth that the property is more than sufficient to pay the demands, but that it is so situated that a part of it cannot be sold without injury to the persons interested therein ; and the decree is, that the petitioner have license to sell the whole, according to the prayer of the petition. The petition and decree are thus both according to the third section ; and to fix the sum to be raised by such a license would seem to be a contradiction in terms, if not indeed a prohibition of the sale itself. It would at best be entirely superfluous.

We think the fifth section must have been intended to

refer to licenses generally, where it becomes necessary to sell a part of the real estate of the deceased to pay his debts. In such licenses there is good reason why the sum should be fixed; otherwise the administrator might proceed to sell beyond what was necessary. Accordingly it was held in *Adams* v. *Morrison*, 4 N. H. Rep. 166, that if an administrator, having license to raise a particular sum by the sale of land, sells an entire tract for a sum exceeding that which he is authorized to raise, the sale will be void.

Different sections of the same act must, if possible, be so construed as to be consistent with each other; and to require the sum to be fixed in a license of this kind, would be to make the fifth section inconsistent with the third.

The second objection to the decree, that there was no legal evidence of any debt sufficient to warrant it, is also untenable. It being shown that the petition was in due form, and that regular and legal notice of it was given to the heirs and all concerned, it was a matter within the jurisdiction and discretion of the judge of probate to say whether, upon the evidence furnished him, he would grant the license or not; and the exercise of his judgment upon that question cannot be inquired into, in this collateral way. His decision was open to appeal, and its correctness could have been tested in this court, and the decree affirmed or disaffirmed, as the right should appear.

Or it was in the power of the heirs to have prevented the license, by complying with the provisions of sec. 4, chap. 164, Revised Statutes. That section provides that "no such license shall be granted, if the heirs or devisees will give to the judge a bond, with sufficient sureties, for the payment of such just demands and to indemnify the administrator therefrom."

The case of *Heath* v. *Wells*, 5 Pick. Rep. 140, cited by the defendant, is easily to be distinguished from the one before us. There, the license was granted to sell to pay debts barred by the statute as to administrators; the suit

against the administrator had not been seasonably commenced, and the court said that it was a matter where the probate court had no cognizance; that it was not a case for deliberation or decision by the probate court, and was not within their jurisdiction. In this case there are no such obstacles. But the doctrine even of that case would seem to be in conflict with *Hodgdon* v. *White*, 11 N. H. Rep. 209, and we do not intend to say that, according to our practice, there should not have been an appeal.

It will be perceived that, according to the view which we have taken of this question, it becomes immaterial whether the proceedings to establish the private claim were legal or not, as its existence or non-existence would not affect the validity of the license. We have not, therefore, considered the matter.

The other question raised by the case relates to the competency of the witness, he being a surety on the bond of the administratrix.

If this witness was incompetent, it was by reason of some breach in the covenant of the deed, and of his liability to make good that covenant. Nothing appears upon the case from which we can say that the covenant has been broken; but we may consider the question as though it had been.

Before a suit could be maintained upon the bond, an action would have to be brought and judgment obtained against the administratrix for some failure to administer the estate according to law, as in general all claims must be liquidated, either by confession or judgment, before they can be recovered by suit on a probate bond. *Rogers* v. *Wendell*, 5 N. H. Rep. 69. The interest of a surety, therefore, upon such a bond, until there be a suit for some default, which may lead to the prosecution of the bond, must be very remote.

In *Carter* v. *Pierce*, 1 Term Rep. 163, it was held that a surety on an administrator's bond was a competent witness for the administrator, to prove a tender in a suit brought

Merrill *v.* Harris.

against the administrator for a debt due by the intestate; and upon the ground that it was a bare possibility that an action might be brought upon the bond. In that case there could be no doubt of the eventual liability of the surety, in case the administrator should become chargeable with the debt, and should fail to cancel it. And upon that decision the surety here would be competent, even should the court hold that a breach of the covenant in the deed was a matter for which the sureties on the bond would be liable.

But we do not so regard the law. The bond of an administrator covers the rights of creditors and heirs of the estate, but it does not go to the extent of the contracts and covenants which the administrator may make with the purchasers of the property belonging to the estate. Such covenants are personal; and such was the covenant in this deed. It was not a liability which the sureties upon the bond could be required to make good. The witness was therefore competent.

*Judgment on the verdict.*